**Nelson RODRIGUEZ, Plaintiff–Appellant,**

v.

**Lieutenant SCHNEIDER; Mrs. "Jane" Schneider; "Jane" Murphy; Sgt. Olberry; Charles Scully; Christopher Artuz; J. Pico; C.O. Ballings; C.O. Tompkins; and Donald Selsky, Individually, Severally, and Respectively, Defendants–Appellees.**

**Docket No. 00–0307.**

United States Court of Appeals, Second Circuit.

Feb. 11, 2003.

Justin M. Garbaccio, Katten Muchin Zavis Rosenman, New York, NY, (Arthur S. Linker, on the brief) for Plaintiff–Appellant.

Allison Penn, Assistant Solicitor General, Attorney General of the State of New York (Eliot Spitzer, Attorney General, Marion Buchbinder, Assistant Solicitor General, on the brief) for Defendants–Appellees.

Present: JACOBS, POOLER, and SOTOMAYOR, Circuit Judges.

**SUMMARY ORDER**

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court be **AFFIRMED.**

Nelson Rodriguez appeals from a judgment of the United States District Court for the Southern District of New York (Patterson, *J.*) partially granting defendants' motion for summary judgment, and from a subsequent jury verdict finding for the defendants on all remaining claims. Rodriguez challenges the verdict on the basis of evidentiary rulings made at trial. We affirm for the reasons stated below.

1. The incidents alleged in this case took place while Rodriguez was incarcerated at the Green Haven Correctional Facility ("Green Haven"). The Complaint alleged several violations of Rodriguez's constitutional rights under 42 U.S.C. §§ 1983 & 1985. He alleges that prison officials retaliated against him because of his refusal to become a jailhouse informant. In a thorough and well-reasoned opinion, the district court granted summary judgment only as to Rodriguez's claim that Lt. Schneider, a hearing officer at Green Haven, had intentionally placed glass in a special kosher meal while Rodriguez was temporarily segregated in Green Haven's special housing unit ("SHU"). This Court reviews the district court's grant of summary judgment *de novo. See Young v. County of Fulton,* 160 F.3d 899, 902 (2d Cir.1998). We affirm for substantially the same reasons as the district court. *See Rodriguez v. Lt. Schneider. et al.,* 95 Civ. 4083(RPP), 1999 WL 459813 (S.D.N.Y. June 29, 1999).

This Court is required to construe the evidence in the light most favorable to the non-moving party and to draw all reasonable inferences in its favor. *See Maguire v. Citicorp Retail Servs., Inc.,* 147 F.3d

232, 235 (2d Cir.1998). However, it is undisputed that Lt. Schneider was not on duty on the day the glass was placed in Rodriguez's food, and Rodriguez has pointed to no evidence establishing that anyone else did so at Lt. Schneider's direction. Any inference that Lt. Schneider was responsible for this incident would be sheer conjecture and thus insufficient to defeat summary judgment. *See Kerzer v. Kingly Mfg.*, 156 F.3d 396, 400 (2d Cir.1998).

2. Rodriguez also challenges the district court's denial of his motion *in limine* to obtain the names of (and cross-examine) confidential informants who purportedly informed prison authorities of threats made by Rodriguez against Lt. Schneider. These reports were the basis of an administrative segregation recommendation and resulted in both Rodriguez's segregation to the SHU and his removal from his position as a representative on the Inmate Grievance Resolution Committee. The court did not immediately rule on the motion, but counsel for Rodriguez was barred from eliciting the informants' identities on cross-examination.

We have recognized that the "requirements of prison security are unique," and that in this context the non-disclosure of a confidential informant's identity in disciplinary proceedings may satisfy due process. *Giakoumelos v. Coughlin*, 88 F.3d 56, 62 (2d Cir.1996). Due process is satisfied so long as the disciplinary finding is supported by "some evidence," which may include information received by a non-testifying confidential informant so long as there was "some examination of indicia relevant to [an informant's] credibility." *Id.* at 61 (alteration in original) (quoting *Russell v. Scully*, 15 F.3d 219, 223 (2d Cir.1993)).

Rodriguez concedes the inadequacy of any due process claim, but argues the district court's decision prevented him from fully developing his retaliation claim; he sought to establish that the purported threats against Lt. Schneider were fabricated. Evidentiary decisions are reviewed for abuse of discretion. *See United States v. Tocco*, 135 F.3d 116, 127 (2d Cir.1998). In making its ruling, the district court had to balance legitimate penological interests with Rodriguez's right to a fair trial. An independent hearing officer concluded during the administrative segregation hearing that based on earlier, reliable information the informants had provided in other situations, the information was credible. And aside from eliciting the identity of the informants, Rodriguez was permitted full cross-examination of two of the three prison guards who had testified to the informant's communications at the hearing, including the officer who had purportedly spoken directly to the informants. (An additional guard had died in the intervening time.) Regardless of its impact on the fairness of a criminal proceeding, the district court's ruling reasonably balanced the interests involved in this prisoner's civil rights action. We see no abuse of discretion.

3. A district court's determination as to whether counsel's conduct caused prejudice is reviewed for abuse of discretion. *Pappas v. Middle Earth Condo. Ass'n*, 963 F.2d 534, 540 (2d Cir.1992). Defense counsel twice referred in summation to facts not in evidence: (1) that Rodriguez converted to Judaism in prison in order to obtain better meals, and (2) that Lt. Schneider's wife (also a prison guard) was conducting an investigation into Rodriguez's alleged drug smuggling. The court sustained objections to both comments. Counsel for Rodriguez asked for no curative instructions; however, the court properly instructed the jury in the charge to disregard as facts any statements made by lawyers and to rely only on evidence prop-

erly in the record. The jury is presumed to have followed those instructions. *Francis v. Franklin,* 471 U.S. 307, 324 n. 9, 105 S.Ct. 1965, 85 L.Ed.2d 344 (1985). The misconduct, if any, was "*de minimis* in the context of the entire trial" and "promptly dealt with by the trial court's rulings and curative instructions." *Pappas,* 963 F.2d at 540. We see no abuse of discretion here.

For the reasons set forth above, the judgment of the district court is hereby **AFFIRMED**.